IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH JAMES BRYANT, JR.,  :     1:13-cv-0489
                                :
          Plaintiff,      :
                                :     Hon. John E. Jones III
          v.           :
                                :     Hon. Martin C. Carlson
OFFICER RICHARD SLEICHTER,  :
*et al.*,                       :
                                :
          Defendants.   :

## MEMORANDUM

**April 29, 2013**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

By Memorandum and Order dated March 21, 2013 (Doc. 11) we adopted the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 6) filed on February 26, 2013 and dismissed Plaintiff Kenneth James Bryant, Jr.'s ("Plaintiff") complaint with leave to amend his Fourth Amendment claim only. We advised Plaintiff that he must file his amended complaint within twenty days of our March 21, 2013 Memorandum and Order or his case would be dismissed. The time for filing an amended complaint has now lapsed without any filing by the Plaintiff. For the reasons that follow, we shall dismiss this case.

I.     **DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to

dismiss a civil action for failure to prosecute, stating that: " If the plaintiff fails to

prosecute or to comply with these rules or a court order, a defendant may move to

dismiss the action or any claim against it." F. R. Civ. P. 41(b). Decisions regarding

dismissal of actions for failure to prosecute rest in the sound discretion of the

Court, and will not be disturbed absent an abuse of that discretion. *Emerson v.*

*Thiel College,* 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted). That discretion,

however, while broad is governed by certain factors, commonly referred to as

*Poulis* factors. As the United States Court of Appeals for the Third Circuit has

noted:

> To determine whether the District Court abused its discretion [in
> dismissing a case for failure to prosecute], we evaluate its balancing
> of the following factors: (1) the extent of the party's personal
> responsibility; (2) the prejudice to the adversary caused by the failure
> to meet scheduling orders and respond to discovery; (3) a history of
> dilatoriness; (4) whether the conduct of the party or the attorney was
> willful or in bad faith; (5) the effectiveness of sanctions other than
> dismissal, which entails an analysis of alternative sanctions; and (6)
> the meritoriousness of the claim or defense. *Poulis v. State Farm Fire
> and Cas. Co.,* 747 F.2d 863, 868 (3d Cir.1984).

*Emerson,* 296 F.3d at 190. Recognizing the broad discretion conferred upon the

district court in making judgments weighing these six factors, the court of appeals

has frequently sustained such dismissal orders where there has been a pattern of

dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. *See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007); *Reshard v. Lankenau Hospital*, 256 F. App'x 506  (3d Cir. 2007); *Azubuko v. Bell National Organization,* 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the *Poulis* factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first *Poulis* factor, the extent of the party's personal responsibility, shows that the delay in this case is entirely attributable to the Plaintiff, who has failed to file an amended complaint as directed by this Court.    Similarly, the second *Poulis* factor– the prejudice to the adversary caused by the failure to abide by court orders–also calls for dismissal of this action. The Plaintiff's failure to timely file an amended complaint completely prevents the resolution of this action. In such instances, dismissal of the case clearly rests in the discretion of the trial judge. *Tillio v. Mendelsohn*, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital,* 256 F. App'x 506  (3d Cir. 2007) (failure to comply with discovery compels dismissal)*; Azubuko v. Bell National Organization,* 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

The fourth *Poulis* factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the Plaintiff. At this juncture, when the Plaintiff has failed to comply with instructions of the Court directing the Plaintiff to take specific actions in this case, the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions.

While *Poulis* also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing *Poulis* agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. *See, e.g., Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008); *Emerson,* 296 F.3d at 191. This case presents such a situation where the Plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. At this juncture, there is no operative pleading in this matter, inasmuch as the initial complaint has been dismissed and Plaintiff has failed to file an amended complaint as directed by the Court. Thus, dismissal of the action is the only appropriate and available remedy.

Finally, under *Poulis* we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. In our view, consideration of this factor

cannot save the Plaintiff's case from dismissal. Indeed, this Court has already concluded that the Plaintiff failed to state a valid cause of action in his original complaint, but permitted him one last opportunity to amend his pleadings, which he has now forfeited by failing to abide by the deadline given to him by the Court. Therefore, in this case all of the *Poulis* factors call for dismissal of this case.

An appropriate Order shall issue.